FILED
July 12, 2016
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| EILEEN EDDY, | ) | No. 33282-9-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WASHINGTON STATE UNIVERSITY, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Eileen Eddy appeals her expulsion from Washington State

University (WSU). Ms. Eddy's challenge focuses on alleged flaws in WSU's disciplinary

process. Regardless of any such flaws, Ms. Eddy's claim for relief requires her to show

substantial prejudice. That burden has not been met. The expulsion decision is therefore

affirmed.

## FACTS

Ms. Eddy was an undergraduate student enrolled at WSU. Over the span of one

semester she became involved in three separate student disciplinary matters. The first

incident involved an academic integrity violation regarding plagiarism. The second

pertained to a false report of assault by another student. Ms. Eddy was sanctioned for

these two incidents and both decisions became final prior to the initiation of this case.

Ms. Eddy's third disciplinary action is the subject of this appeal. It arose during the pendency of Ms. Eddy's second disciplinary proceeding. The third disciplinary action involved another allegation of plagiarism. Pursuant to WSU procedure, Ms. Eddy's professor first made a finding of plagiarism. Ms. Eddy then appealed her professor's finding to WSU's Academic Integrity Hearing Board. According to WSU policy, Academic Integrity Hearing Board decisions are final and cannot be appealed. The Academic Integrity Hearing Board ultimately upheld the professor's finding of plagiarism.

Shortly after the Academic Integrity Hearing Board decision, the Office of Student Standards and Accountability sent Ms. Eddy a written notice stating it would be holding its own disciplinary proceeding. The notice explained that while the Academic Integrity Hearing Board's finding was final and could not be appealed, the University Conduct Board (Conduct Board) needed to determine an appropriate disciplinary sanction. The notice also stated the Conduct Board would consider a new allegation regarding whether Ms. Eddy had violated WSU's Standards of Conduct for Students (Standards) by submitting false information during her appeal of the false reporting allegation. The notice warned Ms. Eddy that expulsion was a possible outcome of the Conduct Board's hearing.

2

Ms. Eddy appeared for her disciplinary hearing before the Conduct Board pursuant to the notice. A Conduct Board hearing is not a full administrative hearing. Thus, Ms. Eddy's rights at the hearing were somewhat limited. Consistent with the terms sent out in the notice of hearing, the bulk of the Conduct Board hearing was focused on whether Ms. Eddy had in fact submitted false information regarding the assault allegation. Ms. Eddy testified at the hearing and presented testimony from a character witness. The Conduct Board did not reassess the validity of Ms. Eddy's two prior plagiarism findings.

Approximately a week after the hearing, the Conduct Board issued a written decision. The Conduct Board found Ms. Eddy responsible for violating WSU's Standards. As sanctions, the Conduct Board expelled Ms. Eddy from WSU, trespassed her from all WSU campuses, rescinded her Cougar Card privileges, and canceled her WSU email account. WSU later withdrew the trespass order.

Ms. Eddy unsuccessfully appealed the Conduct Board's decision to the University Appeals Board (Appeals Board). In its written decision, the Appeals Board did not explicitly state whether it had considered referring Ms. Eddy's case for a full adjudicative hearing under Washington's Administrative Procedure Act (APA), ch. 34.05 RCW. Ms. Eddy then filed a petition for review in Whitman County Superior Court. The superior court affirmed WSU's expulsion decision. Ms. Eddy now seeks relief from this court.

3

ANALYSIS

University disciplinary proceedings are reviewed under the APA. *Alpha Kappa Lambda Fraternity v. Wash. State Univ.*, 152 Wn. App. 401, 413, 216 P.3d 451 (2009). There are nine potential bases for reversing a university's disciplinary decision, including: (1) the university engaged in an unlawful procedure or decision-making process, or failed to follow a prescribed procedure, (2) the university erroneously interpreted or applied the law, (3) the university did not decide all issues requiring resolution by the university, (4) the university issued an order inconsistent with its own rule, or (5) the university issued an order that is arbitrary or capricious. RCW 34.05.570(3).

In reviewing a university's administrative action, this court sits in the same position as the superior court. *Alpha Kappa Lambda*, 152 Wn. App. at 413. Thus, this court reviews the administrative record rather than the superior court's findings or conclusions. *Edelman v. State*, 160 Wn. App. 294, 303, 248 P.3d 581 (2011). Ms. Eddy bears the burden of showing the university's actions were invalid and that she was "substantially prejudiced" by those actions. RCW 34.05.570(1)(a), (d); *Alpha Kappa Lambda*, 152 Wn. App. at 414.

Ms. Eddy claims she is entitled to relief because WSU violated WAC 504-26-407(1)(c) when the Appeals Board issued its decision upholding the order of expulsion

4

without first considering whether to hold a full adjudicative hearing under the APA. Regardless of whether there was a procedural violation, Ms. Eddy must show prejudice. RCW 34.05.570(1)(a), (d); *Alpha Kappa Lambda*, 152 Wn. App. at 414. We therefore focus our attention on the issue of prejudice.

By the time the Appeals Board received Ms. Eddy's case, she had already sustained two Academic Integrity Hearing Board violations for plagiarism. Such findings are final and cannot be appealed. WAC 504-26-404(2)(c)(ii). Furthermore, a student who sustains two academic integrity violations "is ordinarily required to appear before a university conduct board with a recommendation that the student be" expelled. WAC 504-26-404(4).

Given the prior findings by the Academic Integrity Hearing Board, the tasks before WSU's Conduct Board and Appeals Board were quite limited. An adequate basis for expulsion had already been established.[1] The only question was whether the recommended sanction of expulsion should be imposed against Ms. Eddy. Ms. Eddy has failed to articulate how additional procedures would have likely changed the outcome. Although a full administrative hearing may have broadened Ms. Eddy's ability to present

---

[1] Ms. Eddy does not challenge the validity of the academic integrity violation procedure under WAC 504-26-404.

5

evidence or to object to improper hearsay, Ms. Eddy fails to point out what specific, material differences there would have been in the presentation of evidence that could have changed the decision to expel her from WSU. Because she has not met her burden of establishing prejudice, Ms. Eddy's challenge must fail.

Based on the foregoing, the order of the superior court is affirmed and Ms. Eddy's request for attorney fees is denied.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Siddoway, J.

6